**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge CONTRERAS–CORTEZ, also
known as Pedro Arredondo–Ca-
zares, Defendant–Appellant.**

No. 01–8030.

United States Court of Appeals,
Tenth Circuit.

April 26, 2002.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

Jorge Contreras–Cortez entered a conditional guilty plea to one count of illegal re-entry of a deported alien and one count of attempting to possess methamphetamine with intent to distribute. The district court sentenced him to a 135–month term of imprisonment and ordered that he

be placed in INS custody upon completion of this term. Mr. Contreras–Cortez now challenges the district court's denial of both his motion to suppress statements allegedly made in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and his motion to suppress evidence allegedly obtained in violation of the Fourth Amendment.

On December 9, 1999, James Spernack, a Federal Express (FedEx) Security Specialist at Los Angeles International Airport, intercepted and inspected pursuant to FedEx policy a package he suspected of containing contraband. Again pursuant to company policy, Mr. Spernak forwarded the package to FedEx headquarters in Memphis. The following day, Sean Driver, a Memphis-based FedEx Security Officer, completely opened the suspicious package, also according to FedEx policy, in order to determine its contents. After incising the cellophane-wrapped bundle within the package, which revealed a white powdery substance, Mr. Driver contacted the DEA's Memphis office.

DEA Agent Anita Tarwater then arrived at the FedEx headquarters, collected a sample of the white powdery substance using Mr. Driver's previous incision in the package, and performed a field test, which was positive for methamphetamine. Agent Tarwater contacted DEA Special Agent Steve Woodson in Casper, Wyoming, the package's initial delivery city, to arrange for a controlled delivery.

The following day, December 11, DEA agents followed Mr. Contreras–Cortez after he retrieved the package from the Cas-

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

per FedEx office, arresting him once he carried it into his apartment. Agent Woodson, using Officer Don Martin as a translator, advised Mr. Contreras–Cortez of his *Miranda* rights, proceeded with an interrogation, and ultimately obtained a confession. Agents then transported the suspect to their offices, where further questioning took place and Mr. Contreras–Cortez made additional inculpatory statements.

Following an indictment charging him with three counts of immigration and narcotics-related offenses, Mr. Contreras–Cortez first moved to suppress his inculpatory statements, and next moved to suppress all evidence seized by authorities on December 11. The district court denied both motions, and defendant entered a conditional guilty plea to two of the three counts. Mr. Contreras–Cortez now appeals the district court's denial of his suppression motions.

■ On appeal, Mr. Contreras–Cortez first challenges the district court's finding that he received an accurate recitation of his *Miranda* rights by Officer Martin. "On appeal from a motion to suppress, we accept the district court's factual findings unless clearly erroneous, review questions of law de novo, and review the evidence in the light most favorable to the prevailing party." *United States v. Minjares–Alvarez,* 264 F.3d 980, 983–84 (10th Cir.2001). Mr. Contreras–Cortez alleges that because the officer's Spanish was "barely comprehensible," his *Miranda* warning was defective. Following a detailed hearing, however, the district court was satisfied that Officer Martin's Spanish was intelligible, and held there was no doubt that the defendant had received a cogent recitation of his *Miranda* rights. There was no clear error in this determination.

Mr. Contreras–Cortez further contends his statements should have been suppressed because, due to the allegedly insufficient *Miranda* warning, the waiver of his *Miranda* rights was invalid. As to this issue, the district court specifically found that defendant's statements were given after an accurate recitation of his *Miranda* rights and were knowing and voluntary statements. The record supports this finding.

■ Next Mr. Contreras–Cortez asserts that his statements should have been suppressed due to the failure of the agents to re-Mirandize him before commencing the stationhouse interrogation. Because he failed to raise this argument below, we review only for plain error. *See United States v. Easter,* 981 F.2d 1549, 1557 (10th Cir.1992).

The problem with Mr. Contreras–Cortez' argument begins with the district court's determination, which is supported by the record, that Mr. Contreras–Cortez received an accurate *Miranda* warning during the initial interrogation. Furthermore, the stationhouse interrogation was undisputedly within an hour of the initial *Miranda* warning. The mere passage of time does not invalidate a prior warning; rather, the test is whether the circumstances have changed so significantly that the defendant's answers are no longer voluntary or the defendant is no longer knowingly and intelligently relinquishing his rights. *See Mitchell v. Gibson,* 262 F.3d 1036, 1057–58 (10th Cir.2001) (quoting *Wyrick v. Fields,* 459 U.S. 42, 47, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982) (per curiam)). According to the record, the same agents conducted the two interrogations, which were carried out in virtually the same manner. We therefore find no plain error in the district court's ruling.

■ As an alternative basis for suppressing his inculpatory statements, Mr. Contreras–Cortez raises the failure of

DEA agents to inform him of his rights under Article 36 of the Vienna Convention. As the district court recognized, this court and many other circuits have held that even if the Vienna Convention creates individual rights, which remains an open question, suppression is not an available remedy for the violation thereof. *See Minjares–Alvarez*, 264 F.3d at 986–87.

■ Under his Fourth Amendment challenge, Mr. Contreras–Cortez argues the district court erred in concluding that the FedEx employees were not acting as agents or instrumentalities of the government in searching and seizing the package. However, the district court specifically determined the FedEx security employees searched and seized the package pursuant to FedEx policy, which the court determined was established pursuant to the company's "own legitimate business purposes." *See United States v. Smythe*, 84 F.3d 1240, 1242–43 (10th Cir.1996). We see no clear error in this conclusion.

■ Finally, Mr. Contreras–Cortez contends the evidence obtained by DEA Agent Tarwater should have been suppressed because she did not obtain a warrant for the search and seizure. Although we note the district court failed to specifically rule on this issue, we agree with the government that the situation is governed by *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), as a matter of law. There, under virtually identical facts, the Court stated, "the federal agents did not infringe any constitutionally protected privacy interest that had not already been frustrated as the result of private conduct [and][t]o the extent that a protected possessory interest was infringed, the infringement was *de minimis* and constitutionally reasonable." *Id.* at 126, 104 S.Ct. 1652.

After carefully reviewing the entire record in light of the parties' briefs, we AFFIRM the district court's denial of the suppression motions.